# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

SANDRA D. WINSCHER                                                              **PLAINTIFF**

VS.                                                         **CIVIL ACTION NO: 3:16CV224-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                                  **DEFENDANT**

## REMAND ORDER

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows:

Consistent with the court's oral ruling following the parties' arguments, the case is hereby remanded to the Administrative Law Judge ("ALJ") for further consideration. After reviewing his written decision, the court finds that the ALJ applied the wrong standard under step two of the sequential evaluation process.

The Fifth Circuit has provided the following standard for determining whether an impairment is severe: "[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). If this standard is not applied, "the claim

must be remanded to the Secretary for reconsideration." *Id*. at 1106. In the present case, the ALJ based his step two finding on a different standard: "In reaching the conclusion that the claimant does not have an impairment or combination of impairments *that significantly limits her ability to perform basic work activities…*" Doc. 8, p. 13.[1]

**THEREFORE, THIS CASE IS HEREBY REMANDED** to the ALJ for further consideration. On remand, the ALJ shall examine the claimant's medically determinable impairments under the *Stone v. Heckler* standard.

**SO ORDERED** this, the 11th day of May, 2017.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

[1] The Commissioner's brief correctly points out that the ALJ articulated the correct standard in a previous section of his written decision. However, this argument is unavailing. Although the correct standard appears in the written decision, it is located in the boilerplate language preceding the ALJ's actual analysis of the claimant's case. Moreover, despite initially citing the correct standard, the ALJ proceeded to apply the wrong standard when he made his findings of fact and conclusions of law.